## JONATHAN PETTIBONE *against* OZIAS PETTIBONE.

### IN ERROR.

In an action of *indebitatus assumpsit*, for money had and received, the declaration alleged, that the defendant had received certain monies for the plaintiff's use, which he undertook to pay over, on demand, and a special demand alleged to have been made long subsequent to the receipt of the money, the jury, in assessing the damages, computed the interest on the whole sum received, from the time of the receipt to the time of trial ; on a writ of error claiming that the damages were excessive, it was held, that as the plaintiff, from the nature and circumstances of the case, might lawfully introduce evidence of such facts, as, if proved, would sustain the judgment, the court, after verdict, will presume such facts to have been proved on the trial, unless the contrary appear on the record.

Held, also, in such case, that a special demand need not be alleged, *sæpius requisitus* being sufficient ; and if alleged, need not be proved as alleged ; but that a demand may be proved on any other day subsequent to the time of the promise.

THIS was an action of *indebitatus assumpsit*, brought by *Ozias Pettibone* against *Jonathan Pettibone*, for money had and received to the plaintiff's use.

It was alleged in the declaration, that on the 12th of *October*, 1798, the defendant was indebted to the plaintiff in the sum of 230 dollars, for that on the 19th of *April*, 1798, the plaintiff was the lawful possessor and proprietor of two promissory notes, executed and delivered to him by one *Ahijah Pettibone*, one for the sum of 200 dollars, and the other for the sum of 10 dollars, payable on demand, and dated the 20th of *June*, 1797 ; that on the 19th of *April*, 1798, the defendant received the above described notes, " to collect, and receive the money thereon for the plaintiff, or to return said notes to him, when demanded." It was also alleged, that on or before the 12th of *October*, 1798, the defendant received of the promissor the contents of the notes, in full satisfaction thereof ; and that he refused to pay the same to the plaintiff, and account with him therefor. A special demand of the money was alleged to have been made, on the 27th of *July*, 1807 ; concluding to the plaintiff's damage, 400 dollars, &c.

This cause was tried before the Superior Court, on the plea of *non-assumpsit ;* and upon the verdict of the jury, judgment was rendered for the plaintiff, for 363 dollars, 88 cents, damages, and costs. To reverse this judgment the present writ of error was brought.

The only ground of error relied upon by the counsel who argued the cause, was, that the damages found by the verdict of the jury, were excessive, and not warranted by the facts alleged in the declaration.

*N. Terry* and *J. W. Edwards*, for the plaintiff in error. 1. It is admitted, that after verdict, the promise alleged in the declaration, may be taken as an express promise; but the court must consider the material facts to have been proved, precisely as alleged. It is alleged, in the first place, that the defendant received the notes to collect, and received the money thereon for the plaintiff, or to return them when demanded. The defendant, therefore, by the plaintiff's own shewing, was an agent or attorney of the plaintiff; and as such, received the money on the notes. As agent or attorney, the defendant was entitled to deduct the amount of his commissions and expences from the amount received; and was liable only for the balance in his hands, computing the interest on such balance, upon such principles as would be clearly deducible from the facts stated in the declaration.

2. It is further alleged, that on the 12th of *October*, 1798, the defendant was indebted to the plaintiff in the sum of 230 dollars, and that this sum was demanded on the 27th of *July*, 1807. The judgment includes the principal, and interest from the date of the notes, to the time when final judgment was rendered. This cannot be warranted from the facts apparent on the record. The notes were not on interest. No special demand of the notes is alleged. But if the notes were on interest, the defendant was not liable to pay interest after the money came into his hands, until a demand and refusal of payment. This demand was not made until *July*, 1807. This is the time, then, when interest began to accrue. This is the time when the contract of the defendant, as bailiff, was broken. The damages, therefore, are excessive, and the judgment erroneous.

*Daggett*, for the defendant in error. Unless this court can see, judicially, that there is error upon the face of the record, they will affirm the judgment of the Superior Court.

It is reasonable to suppose, that it was proved to the jury, that the notes were on interest. At any rate, interest was equitably due, and if *Jonathan Pettibone* received interest of *Ahijah Pettibone*, he would be liable to pay it over to the creditor.

It is too late to call in question this judgment. The court cannot now say, that the receipt of the money was not under such circumstances, that *Jonathan Pettibone*, as bailiff, was liable to pay interest from the time of the receipt. If an attorney were to collect money, and retain it, without giving notice to the principal, he would be liable to the payment of interest. If he had given notice, and the money was not called for, he would not be liable. The circumstances attending this case, were proper to be left to the jury. The court cannot now say, that the jury have done wrong.

But further, it might have been proved under this declaration, that a special demand was made on the 12th of *October*, 1798, at the time when the money was received. But a special demand is not necessary in a case of this sort; *sæpius requisitus* is sufficient.

Besides, the plaintiff is not bound to prove the precise time of a demand, alleged. *Cole* v. *Hawkins*, 1 *Stra. Rep.* 21. Nay, he may depart, in his replication, from the time stated in the declaration.

MITCHELL, Ch. J. This was an action of *assumpsit* for money had and received to the plaintiff's use. In the declaration it is alleged, that the defendant, on the 12th day of *October*, 1798, was indebted to the plaintiff in the sum of 230 dollars, for money received to his use ; for that the plaintiff, on the 19th day of *April*, 1798, was in possession of two notes of hand, one for 200 dollars, the other for 10 dollars, payable to the plaintiff on demand, and dated 20th of *June*, 1797, against *Ahijah Pettibone ;* and that on the 19th day of *April*, 1798, the defendant received the notes to collect and receive the money due thereon ; and that on or before the 12th day of *October*, 1798, he received the contents thereof ; and being so indebted, did, on said 12th day of *October*, as-

sume and promise to pay said sum of 230 dollars, in a reasonable time then afterwards, when thereto requested, which he never has paid, though often requested, and especially on the 27th day of *July,* 1807, &c.

Upon the trial, the jury found a verdict for the plaintiff, for 363 dollars, 88 cents, damages.

The only point relied upon in the argument, by the counsel for the plaintiff in error, was, that the damages found by the jury, were excessive and unreasonable, and not warranted by the facts set forth in the declaration.

It is impossible for the court to say, from what appears upon the record, that the jury erred in the assessment of damages, since the amount of the damages must have depended on the evidence given on the trial. If the plaintiff proved, (as in this equitable action for money had and received, he might prove,) the defendant to have received the sum of 230 dollars for the plaintiff, at the time specified in the declaration, and that such steps were taken, by giving notice, making demand, or otherwise, as to render it the duty of the defendant immediately to pay over the money so received ; in that case, interest should have been computed on the whole sum, from the moment when such liability accrued. By calculating the interest on 230 dollars from the 12th day of *October,* 1798, to the time of the trial in *September,* 1809, it will be found, that the principal and interest will amount to more than 380 dollars ; a sum exceeding the damages given by the jury. As the verdict *might* have been founded on such evidence ; and as such evidence would have been admissible ; the court may presume such proof to have been exhibited to the jury. It *ought* now to be presumed, that such facts were proved at the trial as would warrant the finding, unless the contrary is apparent.

It has been urged, that the promise alleged, and found, was to pay on *request* only ; and that the request is averred to have been made on the 27th of *July,* 1807, from which period only, the interest should have been computed.

To this it is sufficient to answer, that under such an averment, proof would have been admissible, of a request on any

other day subsequent to the time of the promise. Indeed, it was not necessary to set forth a special request after the words, " often requested and demanded." For, where there was a promise to pay 15*l.* on request, *sæpius requisitus* was holden sufficient. *Wallis* v. *Scott,* 1 *Stra. Rep.* 88. *Capp* v. *Lancaster, Cro. Eliz.* 548.

And in an action for debt on single bill, to be paid on request, a *general request* is sufficient. *Com. Dig.* tit. Pleader, C. 73.

These authorities shew, that after a general request, the time alleged is immaterial ; and, of course, proof might have been given of a request on a different day from that laid in the declaration, and at such a period as to authorise the amount found by the verdict : *this* is now to be presumed.

It is insisted further, that the defendant having acted as agent of the plaintiff in collecting the money in dispute, was entitled to his costs and expences. But it does not appear from the record, that the defendant did act in the capacity of an agent for a reward. And if this were the case, it does not appear, that he was entitled to any costs, or had incurred any expences ; or, that any proof, with regard to such facts, was laid before the jury. If, however, the defendant had a right to retain any part of the money collected, and proof of this fact was exhibited at the trial ; the presumption is, that the jury deducted the sum, before they computed the interest, as there, still, might be a *residuum* sufficient to warrant the sum found by the verdict.

I am, therefore, opposed to a reversal of the judgment.

The other Judges, severally, concurred in this opinion.

*Judgment affirmed.*